UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO. 05-10306-RGS

UNITED STATES OF AMERICA

v.

TERRANCE MOORE

MEMORANDUM AND ORDER ON DEFENDANT'S
MOTION FOR A FRANKS HEARING

January 5, 2007

STEARNS, D.J.

This motion seeking a hearing under the auspices of Franks v. Delaware, 438 U.S. 154 (1978), was initially filed by defendant Terrance Moore. It was subsequently joined by Moore's fourteen co-defendants.

A judicial ruling on probable cause to support a warrant is ordinarily confined to the "four corners" of the affidavit. See United States v. Southard, 700 F.2d 1, 7 (1st Cir. 1983). Franks, however, identifies circumstances in which a defendant may be entitled to a hearing in order to challenge the truthfulness of an affiant's statements. There is no automatic right to a Franks hearing. Rather, a defendant must first make a "substantial preliminary showing" that an affidavit contains intentionally false or recklessly untrue statements that are material to a finding of probable cause. Id. at 155-156.

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an

offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained.

Moore by way of affidavit asserts that the confidential informant designated as CS-1 (who was Moore himself) in the affidavits sworn by Detective Flannery is the same person designated as CS-1 by Agent Simmons. Moore then states that information that was supposedly supplied to Simmons by CS-1 either contradicts information that he gave to Flannery or could not have originated with him because: (1) he was not an informant for Simmons; (2) he does not possess certain biographical details attributed by Simmons to CS-1; and (3) he does not know one of the targets (Gonsalves) about whom CS-1 is said by Simmons to have furnished information.[1]

The premise upon which Moore's motion is based – that the CS-1 cited by Flannery and the CS-1 cited by Simmons are one and the same person (Moore) – is erroneous as is evident from the face of the affidavits. As the government points out, Flannery states in his November 1, 2005 affidavit that Simmons' five confidential sources (CS-1 through CS-5) had provided information regarding the criminal activities of the Gonsalves/Ferreira faction but not the Sylvia/Gomes group, while his nine confidential sources (CS-1 through CS-9) had provided the information implicating Sylvia/Gomes. The conclusion that the CS-1 (Moore) who provided information to Flannery is not the CS-1 who supplied information to Simmons is inescapable.

---

[1] Moore also alleges that Flannery, by incorporating the Simmons affidavits into his November 1, 2005 affidavit, in essence ratified the information allegedly fabricated by Simmons.

## ORDER

For the foregoing reasons, the motion for a <u>Franks</u> hearing is <u>DENIED</u> as to all defendants.

        SO ORDERED.

        /s/ Richard G. Stearns

        _____
        UNITED STATES DISTRICT JUDGE